IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN KEITH SMITH,

    Plaintiff,

v.                                     Civil Action No. 3:16CV293-HEH

WANDA ROLLINS, et. al,

    Defendants.

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

John Keith Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The matter is before the Court on the Motion to Dismiss filed by Defendants Wanda Rollins and C. Webb. For the reasons set forth below, the Motion to Dismiss (ECF No. 23) will be granted.

### I. STANDARD FOR A MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Smith brings his Particularized Complaint ("Complaint," ECF No. 19) against three individuals who work at Sussex II State Prison ("SIISP"): Wanda Rollins, a Unit Manager; C. Webb, a Corrections Personal Property Officer; and Dr. Inder Jeet Singh Gujral. He alleges that various actions by these defendants violated his rights under the Fourteenth Amendment Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual punishment.

### A. Pertinent Allegations with Respect to Smith's Due Process Claim

On April 11, 2016, Rollins and Webb came to search Smith's cell. (Compl. 5.) Rollins and Webb had concerns about Smith's excessive amount of personal property. (*Id.* at 5–6.) Rollins instructed another correctional officer to remove all of Smith's

3

personal property from the cell and place it on a table in the pod. (*Id.* at 6.) Smith informed Rollins and Webb "that the bulk of the property consisted of legal material . . . that [was] part of his ongoing post-conviction challenge and upcoming medical lawsuit against her and medical officials for refusing to provide him with a wheelchair pusher and denial of adequate medical care." (*Id.*) Smith advised Rollins and Webb of the prison policy concerning personal property and his belief that he had abided by that policy. (*Id.* at 7.)

Rollins told Smith that he had thirty minutes to go through his property and retrieve the files he needed because the rest was going to be thrown away. (*Id.* at 8.) Smith then sorted through his property, but was "unable to locate his lawsuit, which he had already drafted . . . as well as all associated notes and supporting documents . . . ." (*Id.* at 9.) After about thirty or forty minutes, Rollins told Webb and the other correctional officers to throw away the remainder of Smith's property. (*Id.* at 10.) Smith pleaded with Rollins not to take this action as it would interfere with his post-conviction challenges and his lawsuit. (*Id.*) Rollins responded, "You gotta do what you gotta do." (*Id.*)

### B. Pertinent Allegations with Respect to the Denial of Medical Care Claim

Smith suffers from chronic degenerative joint disease. (*Id.* at 14.) "His medical condition has confined him to a permanent wheelchair assignment for mobility outside of the building." (*Id.*) As of 2011, Smith was assigned a "permanent wheelchair with an inmate 'caretaker' to assist [Smith] with mobility outside of the housing unit." (*Id.* at 15.) Sometime later, Dr. Gujral began to supervise Smith's medical care. (*Id.* at 15–16.)

After ordering x-rays, Dr. Gujral concluded that Smith only had a mild case of arthritis. (*Id.* at 16.) Dr. Gujral prescribed Motrin, Tylenol, and anti-inflammatory medication. (*Id.*) Following Dr. Gujral's supervision of Smith's medical care, Smith's pain has increased and his mobility has decreased. (*Id.*)

"Dr. Gujral refused to issue a medical detail for a caretaker and Defendant Rollins refused to assign one without a medical detail." (*Id.* at 17.) Defendant Rollins dismissed Smith's caretaker. (*Id.* at 16.) Smith is the only inmate at his prison "confined to a wheelchair without an assigned caretaker to assist him . . . ." (*Id.* at 17.) Smith insists that moving himself for long distances in his wheelchair causes him excruciating pain. (*Id.*)

## III. ANALYSIS

Based on the foregoing allegations, Smith raises the following claims for relief:

| | |
|---|---|
| Claim 1 | Rollins and Webb violated Smith's right to due process when they threw away a large amount of Smith's legal materials. |
| Claim 2 | Smith suffers from degenerative joint disease.<br>(a) Dr. Gujral denied Smith adequate medical care for Smith's degenerative joint disease.<br>(b) Rollins denied Smith adequate medical care, by, "dismiss[ing] [Smith's] 'caretaker,' who assisted [Smith] with mobility outside of the housing unit . . . ." |

(Compl. 16.) Because the only issues before the Court are those raised in Defendants Rollins and Webb's Motion to Dismiss, Smith's claim against Dr. Gujral will not be addressed in this opinion.

### A. Due Process Claim Against Rollins & Webb

5

Smith contends that the actions of Rollins and Webb denied him due process. The Court construes Smith to assert: (1) a claim for a deprivation of property without due process of law, and (2) a claim for denial of reasonable access to the courts. As explained below, both aspects of Smith's due process claim lack merit.

### 1. Deprivation of Property

Virginia's provision of adequate post-deprivation remedies forecloses Smith's due process claim for the deprivation of property. *See Wilson v. Molby*, No. 1:12cv42 (JCC/JFA), 2012 WL 1895793, at *6–7 (E.D. Va. May 23, 2012); *Henderson v. Virginia*, No. 7:07–cv–00266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008). Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a shakedown).

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages caused by "negligent [or] wrongful" acts of state employees acting within the scope of their employment. Va. Code Ann. § 8.01-195.3 (West 2018). The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See Wadhams v. Procunier*, 772 F.2d 75, 77–78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the

requirement of a meaningful post-deprivation process, Smith cannot state a due process claim for the loss of his property. *See Wilson*, 2012 WL 1895793, at *6–7; *Henderson*, 2008 WL 204480, at *10 n.7.

### 2. Denial of Reasonable Access to the Courts

Prisoners have a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to plead a backward-looking claim for denial of access to the courts, a prisoner must show: (1) that he suffered an actual injury—namely, that he was somehow precluded from pursuing a "nonfrivolous" or "arguable" underlying claim; and (2) that he lacks any other "remedy that may be awarded as recompense" for the lost claim other than in the instant suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). With respect to the first element, "the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. Expounding upon the second element, the Supreme Court has explained that there is "no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id.* at 415.

Here, Smith contends that by throwing away his legal materials Rollins and Webb interfered with his lawsuit about medical care and his "post-conviction challenges." (Compl. 10.) Smith's vague description of his planned "post-convictions challenges," (*see id.*), does "not come even close to stating a constitutional claim for denial of access upon which relief could be granted." *Harbury*, 536 U.S. at 418. Thus, his denial of

7

access to the courts claim cannot be predicated upon an injury to his post-conviction litigation.

Although Smith provided a more substantial description of his lawsuit in the works for the alleged denial of adequate medical care, (Compl. 14–17), he fails to allege facts that indicate that he lacks any other "remedy that may be awarded as recompense" for the lost claim other than the instant suit. *Harbury*, 536 U.S. at 415; *see Saunders v. Riverside Reg'l Jail*, 2012 WL 2192262, at *2 (E.D. Va. June 14, 2012). Smith fails to demonstrate, as he must, that he has been rendered fully unable to litigate his claim for denial of adequate medical care. *See Pollard v. Pollard*, 325 F. App'x 270, 272 (4th Cir. 2009). Furthermore, "[t]he fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Godfrey v. Washington Cty., VA, Sheriff*, No. 7:06–cv–00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996)). Accordingly, Smith fails to state a claim for denial of access to the courts. Claim 1 will therefore be dismissed without prejudice.

## B. Eighth Amendment Claim Against Rollins

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to a claim for the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were

'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Smith fails to plead facts that indicate that Rollins knew of and disregarded an excessive risk to Smith's health. *See Farmer*, 511 U.S. at 837. "If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Iko*, 535 F.3d at 242 (omission in original) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Here, Rollins reasonably relied upon the medical judgment of Dr. Gujral that Smith did not require a caretaker to help push his wheelchair. *See Goodman v. Johnson*, 524 F. App'x 887, 889 (4th Cir. 2013). Accordingly, Claim 2(b) will be dismissed with prejudice.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 23) will be granted. Claim 1 will be dismissed without prejudice, while Claim 2(b) will be dismissed with prejudice. Defendants Rollins and Webb will be dismissed as parties to this action. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 31, 2018
Richmond, Virginia